601 F.2d 920
 Roger MADDOX and J. B. Maddox, Executors of the Estate of
Wavie Maddox, Deceased, and Roger Maddox and J. B.
Maddox, Administrators of the Estate of
William E. Maddox, Deceased,
Plaintiffs-Appellants,
v.
Joseph A. CALIFANO, Jr., Secretary, Health, Education and
Welfare, Defendant-Appellee.
 No. 77-3392.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 15, 1979.
Decided July 18, 1979.
 
 Henry E. Hayden, Hartford, Ky., for plaintiffs-appellants.
 Albert Jones, U. S. Atty., James H. Barr, Timothy J. Gillenwater, Asst. U. S. Attys., Louisville, Ky., for defendant-appellee.
 Before LIVELY and KEITH, Circuit Judges, and BROWN,* District Judge.
 PER CURIAM.
 
 
 1
 The district court affirmed the Secretary's denial of black lung benefits to the estate of William E. Maddox, a former coal miner who died during the prosecution of his claim for benefits. Wavie Maddox, widow of William E. Maddox, filed a claim as surviving widow and as administratrix of the estate of the claimant. She has since died and the executors of her estate have been substituted. William E. Maddox was survived by two dependent children, age 29 and 23, who are bedridden and unable to care for themselves.
 
 
 2
 On appeal it is contended that the claimant, who worked more than 15 years in the nation's coal mines, established that he suffered from a totally disabling chronic respiratory disease. There is a statutory presumption that a person who makes this showing is totally disabled by reason of pneumoconiosis. 30 U.S.C. § 921(c)(4) (1976); see also 20 C.F.R. § 410.490. The district court found that the record contained "voluminous evidence showing claimant had a chronic respiratory or pulmonary disease." However, the district court affirmed the denial of benefits on its belief "that it is a reasonable inference that the defendant (the Secretary) did not apply the presumption here since claimant's disability was not caused 'primarily' by his lung condition." The Secretary made no explicit finding of primary cause.
 
 
 3
 We conclude that the claimant was entitled to the presumption of § 921(c)(4) on the basis of the "voluminous evidence" of a chronic respiratory or pulmonary disease which was totally disabling. The Secretary did not rebut this presumption in the manner permitted by the statute. See Ansel v. Weinberger, 529 F.2d 304, 309-10 (6th Cir. 1976). Instead, the Secretary appears to have relied on the negative inference set forth in Social Security Ruling 73-37 (Appeals Council Decision, p. 5, App.). Our conclusion is based on the supplemental findings of the Appeals Council which refer specifically to the negative X-rays and non-qualifying pulmonary function studies. These are the very factors underlying the negative inference of Rule 73-37. In Prokes v. Mathews, 559 F.2d 1057, 1062 (6th Cir. 1977), this court wrote in reference to Ruling 73-37, "However, to rely on this inference as a basis of decision without giving full consideration to all relevant evidence is error." We believe this is precisely what the Appeals Council did in the present case.
 
 
 4
 The judgment of the district court is vacated and the case is remanded to the district court for further remand to the Secretary with directions to enter an award of benefits.
 
 
 
 *
 The Honorable Bailey Brown, Chief Judge, U.S. District Court for the Western District of Tennessee, sitting by designation